IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARIA DE JESUS FRAIRE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:22-CV-2815-D |
| | § | |
| WAL-MART STORES TEXAS, LLC, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this removed premises liability action, defendant Wal-Mart Stores Texas, LLC ("Walmart") moves for leave to designate responsible third parties under Tex. Civ. Prac. & Rem. Code Ann. § 33.004 (West 2011).  For the reasons that follow, the court grants the motion.

I

Plaintiff Maria de Jesus Fraire ("Fraire") alleges that she was injured while visiting a Walmart store when she slipped on a banana and fell.  Four months after she fell at the Walmart, Fraire was injured or re-injured when she was rear-ended by a vehicle owned and/or operated by Neil Francis Hanus ("Neil"), Pattie Lynn Patterson ("Pattie"), and Constance Carmel Patterson ("Constance").  Fraire has a separate, pending lawsuit in state court to recover damages that she alleges were caused by the automobile accident.

In this court, Fraire is suing Walmart for the injuries she alleges are the result of her fall.  Walmart contends that several of Fraire's injuries resulting from the fall are similar to

those caused by the automobile accident, and it seeks leave to designate Neil, Pattie, and Constance as responsible third parties under Tex. Civ. Prac. & Rem. Code Ann. § 33.004 (West 2011). Walmart maintains that the extent and nature of Fraire's injuries were impacted by the subsequent automobile accident, and that any damages that she is awarded from Walmart should be minimized accordingly.

II

"Under Chapter 33 of the Texas Civil Practice and Remedies Code, a defendant who is sued in tort … may reduce his liability by a percentage of responsibility attributed to a responsible third party." *Mavuninu-Jean v. Reyes*, 2019 WL 5963886, at *1 (N.D. Tex. Nov. 13, 2019) (Boyle, J.) (citing Tex. Civ. Prac. & Rem. Code Ann. § 33.002 (West 2003)). Under this statute, Walmart must move for leave to designate responsible third parties, and the court must grant such leave unless Fraire timely objects and establishes that Walmart did not plead sufficient facts showing that Neil, Pattie, and Constance are responsible third parties. *See Sustainable Modular Mgmt., Inc. v. Travelers Lloyds Ins. Co.*, 2021 WL 4943692, at *3 (N.D. Tex. Oct. 22, 2021) (Fitzwater, J.); *see also Alvarez v. Toyota Motor Corp.*, 2006 WL 1522999, at *2 (N.D. Tex. May 8, 2006) (Fitzwater, J.) (noting that the burden is on the nonmoving party to defeat a motion for leave to designate responsible third parties). "The 'sufficient facts' that [Walmart] pleads must establish that a responsible third party 'caused or contributed to causing in any way the harm for which recovery of damages is sought' by breaching an 'applicable legal standard.'" *Sustainable Modular Mgmt.*, 2021 WL 4943692, at *3 (quoting Tex. Civ. Prac. & Rem. Code Ann. § 33.011(6) (West 2003)).

- 2 -

Fraire objects to Walmart's motion and contends that the subsequent automobile accident is wholly unrelated to the fall at Walmart and thus cannot fairly be characterized as contributing to the "harm" for which Fraire now seeks compensation.  But because Fraire's argument is foreclosed by Texas law, the court declines to accept it.

Several courts have held that the term "harm" as used in § 33.004 indicates that a party responsible for an act entirely unrelated to the occurrence giving rise to the suit may nevertheless be designated as a responsible third party if he contributed "in any way" to the extent of the plaintiff's damages.  *See, e.g.*, *Tex. Dep't of Pub. Safety v. Boswell*, 2007 WL 2471447, at *1 (Tex. App. Aug. 31, 2007, no pet.) (mem. op.) (affirming grant of motion for leave to designate responsible third parties where two separate automobile accidents, occurring ten days apart, contributed to the plaintiff's injuries); *Rohatgi v. Evers*, 2021 WL 2766393, at *3 (S.D. Tex. Jan. 21, 2021) (granting motion for leave to designate responsible third parties where plaintiff was injured in two separate automobile accidents occurring four days apart); *cf. Nabors Well Servs., Ltd. v. Romero*, 456 S.W.3d 553, 562 (Tex. 2015) (holding that the phrase "harm for which recovery of damages is sought," as used in a different subsection of Chapter 33 of the Texas Civil Practice and Remedies Code, focuses the inquiry on "not simply who caused the … accident, but who caused the plaintiff's injuries").

Fraire has not established that Walmart has failed to plead sufficient facts showing that Neil, Pattie, and Constance are responsible third parties.  Accordingly, Walmart's motion to designate them as responsible third parties pursuant to Tex. Civ. Prac. & Rem. Code Ann.

- 3 -

§ 33.004 is granted.

*   *   *

For the reasons explained, Walmart's May 26, 2023 motion for leave to designate responsible third parties is granted.

**SO ORDERED**.

July 24, 2023.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE

- 4 -